IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FELISHA RICH MOORE,              )
                                 )
            Plaintiff,           )
                                 )
      v.                         )     1:12CV503
                                 )
DAN HOLDINGS, INC., et al.,      )
                                 )
            Defendants.          )

**MEMORANDUM OPINION AND ORDER**

This case comes before the Court on Defendants' Motion for Extension of Time (Docket Entry 16). (See Docket Entry dated Oct. 11, 2012.) For the reasons that follow, the Court will grant the instant Motion and will caution Plaintiff's counsel, Nicholas J. Sanservino, Jr., of The Noble Law Firm, PLLC, in particular, to take a more measured and civil approach in cases before this Court.

BACKGROUND

With the instant Motion, Defendants seek "a 30-day extension of time [from October 15, 2012, to November 14, 2012,] to answer Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents (the 'Discovery Requests')." (Docket Entry 16 at 1.) As grounds for such relief, the instant Motion asserts that "additional time is needed to gather the information and documents necessary to respond to the Discovery Requests." (Id. at 2.) It further represents that

"Defendants are working to gather information and documents, but need a thirty (30) day extension of time to respond to the Discovery Requests." (Id.) The instant Motion also observes that, "because this case is still in the very early stages, there will be no prejudice to Plaintiff as a result of the requested thirty (30) day extension." (Id.)[1] Finally, it reports that "Defendants have consulted with Plaintiff's counsel regarding this request for an extension. Plaintiff's counsel, however, objects to a thirty-day extension of time." (Id. (emphasis added).)

In response, Plaintiff filed an Opposition to Defendants' Motion for Extension of Time, for the purpose of "correct[ing] certain misstatements and/or omissions contained in Defendants' [instant Motion]." (Docket Entry 17 at 1 (emphasis added).) Attorney Sanservino electronically signed said Opposition (id. at 2), the entire substance of which consists of the following:

> 1. On October 9, 2012, Defendants advised Plaintiff for the first time that they desired a 30-day extension of time to respond to Plaintiff's [Discovery] Requests.
>
> 2. By email dated October 10, 2012, Plaintiff's counsel advised Defendants' counsel that given Defendants' recent conduct (which Plaintiff believes does not comply with the good-faith discovery obligations imposed by the procedural rules), Plaintiff could not consent to a 30-day extension of time. However, Plaintiff's counsel offered to consent to a 15-day extension of time -- to October 30, 2012 -- for Defendants to serve their discovery responses. A true

---

[1] The Scheduling Order in this case sets a discovery deadline of February 27, 2013. (See Text Order dated Aug. 27, 2012.)

and accurate copy of the October 10, 2012 email is
attached as Exhibit A.

    3. Defendants' [instant Motion] makes no reference
to the October 10, 2012 email or to <u>Plaintiff's
good-faith offer to consent to a 15-day extension</u> of
time.

(<u>Id.</u> at 1-2 (emphasis added).)

The email attached to Plaintiff's Opposition as Exhibit A (the "Sanservino October 10 Email")[2] begins as follows: "With respect to Defendants' [request] for an extension of time, it has been my practice to extend <u>professional courtesies</u> to opposing counsel and consent to such motions provided that discovery has otherwise proceeded in <u>good-faith</u>. As I have explained in prior correspondence, I have <u>reservations</u> about whether that has occurred here." (Docket Entry 17-1 at 2 (emphasis added).) Next, said email describes various events that allegedly justify Attorney Sanservino's "reservations" about whether Defendants have conducted discovery in "good-faith." (<u>Id.</u>) It then concludes:

> Given the above, and in an effort to reach a good-faith
> compromise on the issue, <u>Plaintiff will consent to an
> approximately two-week extension</u> of time -- to October
> 30, 2012 -- for Defendants to serve their discovery
> responses, <u>provided that Defendants agree to make</u>

---

[2] The Sanservino October 10 Email identifies Attorney Sanservino as the sender, Defendants' counsel as the recipient, and Attorney Sanservino's co-counsel, Laura Noble, as a courtesy-copy recipient. (Docket Entry 17-1 at 2.) Attorney Noble also appears to have received courtesy copies of other emails material to the matters at issue in this Order. (<u>See</u> Docket Entry 18-2 at 2; Docket Entry 18-3 at 2, 6-10.) She thus cannot disclaim knowledge of the manner in which Attorney Sanservino has comported himself.

-3-

Case 1:12-cv-00503-TDS-LPA   Document 21   Filed 10/18/12   Page 3 of 19

> [Defendant William] Ziefle available for deposition by no later than November 16, 2012. I believe this is an acceptable compromise to Defendants' purported need for an extension of time.

(Id. (emphasis added).)

Defendants thereafter replied and therein "den[ied] that they have engaged in any inappropriate conduct regarding discovery or otherwise in this case and den[ied] that the issues raised by Plaintiff in [the Sanservino October 10 Email] are relevant in the first place to Defendants' [instant] [M]otion . . . ." (Docket Entry 18 at 2.) In addition, Defendants attached "some of the prior communications between counsel relating to [matters addressed in the Sanservino October 10 Email] . . . [to] show that Defendants and their counsel are proceeding in good faith . . . ." (Id. at 2-3.) Defendants concluded by acknowledging that "Plaintiff offered to agree to a fifteen (15) day extension of time, with certain conditions" (id. at 3), but reiterating that "Defendants believe they need an additional thirty (30) days to gather information and respond to the Discovery Requests" (id.).

## DISCUSSION

### Relevant Standards

Litigants generally have 30 days to respond to interrogatories and/or document requests, but the parties may stipulate to a longer period and the Court may extend the period. See Fed. R. Civ. P. 33(b)(2), 34(b)(2); see also Fed. R. Civ. P. 6(b)(1) ("When an act

-4-

may or must be done within a specified time, the [C]ourt may, for good cause, extend the time . . . if the [C]ourt acts, or if a request is made, before the original time or its extension expires . . . ."); M.D.N.C. LR6.1(a) ("All motions for an extension of time . . . must comply with Fed. R. Civ. P. 6(b) and show prior consultation with opposing counsel and the views of opposing counsel."). "By Local Rule, this Court has directed 'counsel to conduct discovery in good faith and <u>to cooperate and be courteous with each other</u> in all phases of the discovery process.'" <u>Kinetic Concepts, Inc. v. ConvaTec Inc.</u>, 268 F.R.D. 226, 242 (M.D.N.C. 2010) (quoting M.D.N.C. LR26.1(b)(1)) (original emphasis omitted) (emphasis added). This Local Rule (like all others) "shall be interpreted and applied to foster <u>civility</u> in the practice of law before this Court . . . ." M.D.N.C. LR1.1 (emphasis added). Moreover, "[i]f an attorney or a party fails to comply with a [L]ocal [R]ule of this [C]ourt, the [C]ourt may impose sanctions against the attorney or party, or both." M.D.N.C. LR83.4(a).

Additionally, litigants have "an affirmative obligation to engage in pretrial discovery in a responsible manner that is consistent with the <u>spirit and purposes</u> of Rules 26 through 37 [of the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 26 advisory comm.'s notes, 1983 Amend., Subdiv. (g) (emphasis added). "[T]he spirit of th[ose] rules is violated when advocates attempt to use discovery tools as <u>tactical weapons</u> . . . ." Fed. R. Civ.

-5-

P. 26 advisory comm.'s notes, 1983 Amend. (emphasis added).  For example, "[i]f [a party's] counsel believes that [the opposing side has not met discovery obligations], his remedy is to file a [m]otion [seeking relief from the Court].  He <u>may not retaliate</u> . . . ."  <u>Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.</u>, 173 F.R.D. 651, 657 (D. Md. 1997) (internal footnote omitted) (emphasis added).  If a litigant engages in abusive retaliation, the Court has authority to enter a protective order and to order that litigant (and/or that litigant's counsel) to pay the opposing side's related expenses (including reasonable attorney fees).  <u>See</u> Fed. R. Civ. P. 26(c)(1) and (3), 37(a)(5).

Similarly, the Court "may impose an appropriate sanction on any attorney, law firm, or party that violate[s] [Federal] Rule [of Civil Procedure] 11(b)," Fed. R. Civ. P. 11(c)(1), which requires, inter alia, that all filings made with the Court:

1) "not be[] presented for any improper purpose, such as to harass . . . or needlessly increase the cost of litigation," Fed. R. Civ. P. 11(b)(1);

2) contain only "legal contentions [that] are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law, Fed. R. Civ. P. 11(b)(2);

3) include only "factual contentions [that] have evidentiary support or, if specifically so identified, will likely have

-6-

evidentiary support after a reasonable opportunity for further investigation," Fed. R. Civ. P. 11(b)(3); and

    4) offer only "denials of factual contentions . . . warranted on the evidence or, if specifically so identified, . . . reasonably based on belief or a lack of information," Fed. R. Civ. P. 11(b)(4).[3]

    "Despite the[se] unambiguous dictates . . . that require attorneys to conduct discovery in a cooperative fashion, courts continue to find that 'hardball discovery is still a problem in some cases.'" Kinetic Concepts, 268 F.R.D. at 243 (quoting Network Computing Servs. Corp. v. Cisco Sys., Inc., 223 F.R.D. 392, 395 (D.S.C. 2004)) (internal brackets and ellipses omitted). Such conduct "is costly to our system and consumes an inordinate amount of judicial resources." Network Computing, 223 F.R.D. at 395. Accordingly, the Court will not tolerate tactics of this sort, but instead will employ all authorized means to stop and to deter them.

---

[3] "The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(4). Further, by statute, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the [C]ourt to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

Analysis

Attorney Sanservino's handling of this and related matters appears to have contravened the foregoing standards in a number of respects. First, notwithstanding this Court's directive that counsel should cooperate with and should show courtesy to opposing counsel during discovery, see M.D.N.C. LR26.1(b)(1), and the mandate that all court filings have a basis in law and fact, see Fed. R. Civ. P. 11(b)(2)-(4), Attorney Sanservino has opposed Defendants' requested 30-day extension (and has filed a document in this Court doing so) without any legitimate justification. In this regard, Attorney Sanservino has failed to show any ground for the Court to question the representations by Defendants' counsel, an officer of the Court, that she and her clients have begun gathering information and documents necessary to answer Plaintiff's Discovery Requests, but that they require more time to complete that work.[4]

---

[4] Nor (unsurprisingly, given the early stage of the discovery period at which the instant Motion comes) has Attorney Sanservino articulated any prejudice Plaintiff would suffer from the requested extension. (See Docket Entry 17 at 1-2.) The Sanservino October 10 Email did assert that "an extension of time to mid-November prejudices Plaintiff as it relates to [an] October 29 deposition [of Defendant Ziefle that Attorney Sanservino noticed on October 4]" (Docket Entry 17-1 at 2); however, the Sanservino October 10 Email also acknowledges that said deposition could not proceed as noticed in any event because Defendant Zeifle would be out of the country on the date in question, a fact Attorney Sanservino apparently did not know when he noticed the deposition because he failed to consult Defendants' counsel about deposition dates (see id.). Even more troubling, Attorney Sanservino's lack of prior consultation on that occasion came after Defendants' counsel had objected to Attorney Sanservino's failure to consult about dates
(continued...)

-8-

Moreover, the Court regularly receives extension requests of this sort and the undersigned cannot recall a single occasion in nearly three years of handling such matters in which an attorney has opposed a first 30-day extension of time to respond to written discovery requests. Other courts also view motions of this sort as routine matters unworthy of contest. See, e.g., Martin Eng'g Co. v. CVP Grp., Inc., No. 06C4687, 2006 WL 3541777, at *1-2 (N.D. Ill. Dec. 7, 2006) (unpublished) (citing judicial condemnations of "the practice of refusing reasonable requests for extensions of time," observing that "[t]he plaintiff d[id] not dispute the accuracy of the representations [by the defendant as to the need for more time to answer discovery]," and ruling that "the request [for extension of time] was reasonable, and the plaintiff's response (and ensuing

---

⁴(...continued)
for the deposition of another witness. (See Docket Entry 18-3 at 6.) Other courts have labeled such "Notice First" approaches to deposition scheduling discourteous. See, e.g., Kingston v. Nelson, No. 2:04CV156-DB-PMW, 2007 WL 2985046, at * 8 (D. Utah Oct. 11, 2007) (unpublished) (describing fact that "Plaintiffs' counsel made no effort to contact Defendants' counsel before sending out the deposition notice" as having "demonstrate[d] [Plaintiffs' counsel's] lack of courtesy"); Imperial Chems. Indus., PLC v. Barr Labs., Inc., 126 F.R.D. 467, 471 (S.D.N.Y. 1989) (observing that even witnesses affiliated with parties "are entitled to the minimal courtesy of consultation concerning deposition dates convenient to them"). Attorney Sanservino's behavior in this regard thus appears to have violated this Court's requirement that counsel pursue discovery in a courteous manner. See M.D.N.C. LR26.1(b)(1). It also seems in significant tension with the Scheduling Order in this case, which provides that "[t]he parties should cooperate with each other with regard to scheduling of depositions." (Docket Entry 10 at 5; see also Text Order dated Aug. 27, 2012 (adopting said portion of Docket Entry 10).)

Case 1:12-cv-00503-TDS-LPA   Document 21   Filed 10/18/12   Page 9 of 19

written objection) quite the opposite [because it] needlessly required the expenditure of time that could have been more profitably utilized"); Scotch Game Call Co. v. Lucky Strike Bait Works, Ltd., 148 F.R.D. 65, (W.D.N.Y. 1993) ("As is not unusual in this district, Defendant was unable to respond to the discovery requests within the time allowed under the rules."); Freshman, Mulvaney, Comsky, Kahan & Deutsch v. Superior Ct., 218 Cal. Rptr. 533, 541 (Cal. Ct. App. 1985) ("Lengthy requests for admission and/or interrogatories quite often require requests for extension of time to respond . . . and such reasonable requests for extension of time should be freely granted by counsel . . . .").[5]

Regrettably, Attorney Sanservino's opposition to Defendants' extension request involves additional aggravating circumstances in that, beyond having no valid reason to deny consent (e.g., lack of need or prejudice), he appears to have acknowledged an improper motive for his action. Specifically, in the Sanservino October 10 Email, after manifesting an appreciation that consenting to an

---

[5] Indeed, courts have sanctioned attorneys for such unwarranted opposition to reasonable extension requests. See, e.g., Scotch Game, 148 F.R.D. at 67-68 (explaining rationale for imposition of monetary sanctions under 28 U.S.C. § 1927 as follows: "There can be no serious question that Plaintiff's attorneys' conduct here unreasonably multiplied the proceedings and was in bad faith. Plaintiff's counsel refused what the record shows to be a reasonable request for an extension of time, forced opposing counsel to file a motion for an extension, opposed the motion without making any effort whatsoever to justify or explain its position, . . . and forced the court to rule on an unnecessary motion. Such conduct cannot be condoned.").

-10-

opponent's extension requests of this kind constitutes a matter of "professional courtes[y]" (Docket Entry 17-1 at 2), Attorney Sanservino stated that he opted to withhold consent to the requested extension in this instance because he had "reservations" about whether Defendants had "proceeded in good-faith" in other aspects of the litigation (id.).[6] Retaliatory tactics of this sort violate the spirit of the discovery rules. See generally Fed. R. Civ. P. 26 advisory comm.'s notes, 1983 Amend.; Jayne H. Lee, 173 F.R.D. at 657. If Plaintiff had legitimate grievances regarding Defendants' prior discovery conduct, he had the option of seeking judicial intervention; he had no right, however, to engage in self-help retaliation in other areas of discovery. See id.

In yet further aggravation, Attorney Sanservino's accusations of lack of "good-faith" against Defendants (and their counsel) (which he tendered to the Court) cannot withstand scrutiny (at least on the record before the Court). For example, the Sanservino October 10 Email charges that Defendants' counsel "demanded that Plaintiff serve amended Initial Disclosures even though Plaintiff's

---

[6] In the just over three hours between his sending of the Sanservino October 10 Email (on "October 10, 2012 [at] 12:36:09 PM" (Docket Entry 17-1 at 2)) and his filing of Plaintiff's Opposition ("on 10/10/2012 at 3:45 PM" (Docket Entry 17, Notice of Elec. Filing)), Attorney Sanservino's "reservations" about whether Defendants had conducted discovery in "good-faith" (Docket Entry 17-1 at 2) hardened into a "belie[f]" that their "recent conduct . . . d[id] not comply with the good-faith discovery obligations imposed by the procedural rules" (Docket Entry 17 at 1).

-11-

original disclosures were timely and properly served in accordance with the procedural rules." (Docket Entry 17-1 at 2.) Attorney Sanservino neither quoted language used by Defendants' counsel nor appended documentation to support this assertion. (See id.; see also Docket Entry 17.) However, emails submitted by Defendants reflect that, far from gratuitously "demand[ing]" that Plaintiff amend proper Initial Disclosures (Docket Entry 17-1 at 2), Defendants' counsel politely pointed out specific deficiencies in Plaintiff's Initial Disclosures (with quotations to the applicable rule) and then "request[ed]" and "ask[ed]" that Plaintiff supplement her Initial Disclosures. (Docket Entry 18-3 at 2.) Moreover, Defendants' counsel invited further discussion. (Id.) Attorney Sanservino simply has shown no failure by Defendants or their counsel to act in good-faith as to Initial Disclosures.

Next, the Sanservino October 10 Email complains that Defendants' counsel "attempted to insist that [the] deposition [of a witness apparently affiliated with Defendants] occur at [Defendants' counsel's] offices even though Defendants had no right to do so . . . ." (Docket Entry 17-1 at 2.) Again, Attorney Sanservino failed either to quote from or to attach copies of materials to substantiate his characterization in this regard (see id.; see also Docket Entry 17), but an email supplied by Defendants shows that their counsel merely stated that they "would like to have th[at] deposition in [their counsel's] Greensboro office"

-12-

(Docket Entry 18-3 at 9). Further, Defendants' counsel promised to "extend [Attorney Sanservino] the same courtesy [i.e., of allowing him to host] when [Defendants] take the deposition of Plaintiff and Plaintiff's witnesses." (Id.) To label frivolous Attorney Sanservino's suggestion that such conduct represents a failure by Defendants' counsel to approach discovery in "good-faith" would understate things considerably.

The Sanservino October 10 Email further grouses that Defendants' counsel "objected to the original deposition date [of that same witness] without providing a legitimate reason for why Defendants could not produce him on the original date." (Docket Entry 17-1 at 2.) Once more, Attorney Sanservino provided no documentation to validate this allegation. (See id.; see also Docket Entry 17.) Defendants, however, filed copies of emails reflecting that Attorney Sanservino noticed the deposition in question for the disputed date without consulting Defendants' counsel[7] and that Defendants' counsel had previously-scheduled court obligations that made Attorney Sanservino's self-selected

---

[7] Courts view the noticing of depositions without prior consultation as discourteous. See, e.g., Kingston v. Nelson, No. 2:04CV156-DB-PMW, 2007 WL 2985046, at * 8 (D. Utah Oct. 11, 2007) (unpublished); Imperial Chems. Indus., PLC v. Barr Labs., Inc., 126 F.R.D. 467, 471 (S.D.N.Y. 1989). Discourteous conduct in discovery violates this Court's Local Rules. See M.D.N.C. LR26.1(b)(1).

date unworkable. (See Docket Entry 18-3 at 6, 9.)[8] Attorney Sanservino's charge of lack of good-faith by Defendants as to this issue thus also falls flat or, more accurately, boomerangs in a manner that reveals Attorney Sanservino actually employed litigation tactics indicative of bad faith.

Finally, the Sanservino October 10 Email includes serious but entirely unsupported accusations. More specifically, without any citation or documentation, Attorney Sanservino: 1) asserted that a witness apparently affiliated with Defendants "repeatedly failed to provide responsive and truthful answers to deposition questions" (Docket Entry 17-1 at 2); and 2) implied that Defendants have a "strategy" of delaying this case and the discovery process (id.). The following observations by then-Magistrate Judge and now-District Judge Max O. Cogburn well capture the Court's reaction to Attorney Sanservino's approach in this regard: "[Counsel] are expected to treat one another with civility, especially in the public environs of the court. . . . [C]ounsel for [one party] accuses counsel for [the opposing side] of 'continued misconduct in

---

[8] To make matters still worse, even after Attorney Sanservino knew Defendants' counsel objected to that unilaterally-imposed date, Attorney Sanservino impliedly claimed an entitlement to "court intervention as to Defendants' refusal to appear" thereon. (Docket Entry 18-3 at 10.) This approach appears to conflict with the Local Rules' requirement of cooperation and courtesy in discovery, see M.D.N.C. LR26.1(b)(1), as well as the Scheduling Order's provision mandating cooperation in deposition scheduling (Docket Entry 10 at 5; see also Text Order dated Aug. 27, 2012 (adopting in relevant part Docket Entry 10)).

-14-

handling this matter.'  Subjective speculation in public documents is a dangerous thing . . . ." McBrayer v. Living Ctrs.-Se., Inc., No. 4:98CV199, 1999 WL 33315673, at *2 (W.D.N.C. Apr. 30, 1999) (unpublished).  To put matters more pointedly, the Court declines to give any credence to Attorney Sanservino's unsupported (and thus, for current purposes, unjustified) attacks on Defendants, their witness, and/or their counsel and cautions Attorney Sanservino to refrain from littering the record of this Court with conclusory allegations (or insinuations) of wrongdoing.

The Court also rejects the assertion in Plaintiff's Opposition that Defendants and their counsel made "misstatements" in the instant Motion (Docket Entry 17 at 1), as well as Attorney Sanservino's accusation in an email that the instant Motion demonstrated Defendants' counsel's "continued inability to accurately represent the record" (Docket Entry 18-2 at 2). Attorney Sanservino apparently based these charges on this statement from Defendants' instant Motion:  "Defendants have consulted with Plaintiff's counsel regarding this request for an extension.  Plaintiff's counsel, however, objects to a thirty-day extension of time." (Docket Entry 16 at 2.)  Attorney Sanservino's allegations of misrepresentation lack merit because, as Defendants' counsel succinctly put it, the instant Motion "simply indicated that [Attorney Sanservino] did not agree to the requested 30 day extension, which is accurate."  (Docket Entry 18-2 at 2.)  The

-15-

Court urges Attorney Sanservino in the strongest possible terms to avoid falsely accusing others of making "misstatements" or of failing to "accurately represent the record." Such false charges amount to "misstatements" by him and reflect a failure on his part to "accurately represent the record," conduct which (by his own words) Attorney Sanservino recognizes as wrongful.

Nor does the Court find persuasive the contention that Defendants acted improperly by failing to include within the instant Motion the fact that Attorney Sanservino: 1) had refused to consent to the requested 30-day extension because he had "reservations" about whether Defendants had approached other discovery issues in "good-faith"; and 2) had "offered to consent to a 15-day extension of time." (Docket Entry 17 at 1.) Simply put, the applicable Local Rule requires a litigant to report the "views of opposing counsel" about the requested extension (e.g., "they object"), not the rationale for those "views" or any counter-proposals. See M.D.N.C. LR6.1(a). A contrary construction of said Local Rule inevitably would lead to satellite disputes about whether the moving party accurately characterized the opposing party's motivation or bargaining efforts.[9]

---

[9] The Court further notes that, in the course of criticizing Defendants for omitting information from the instant Motion, Attorney Sanservino omitted from the body of Plaintiff's Opposition the seemingly material fact that he conditioned his "offer" to consent to a 15-day extension upon Defendants agreeing to a
(continued...)

As a final matter, the Court admonishes Attorney Sanservino for the condescending and sarcastic tone he has taken in some communications with Defendants' counsel. (See, e.g., Docket Entry 18-3 at 7 (beginning email by stating "[u]nfortunately, I do not believe you adequately reviewed my September 11 cover letter," then quoting at length from said letter, before stating: "If you need me to send you another copy of the September 11 letter, I'm happy to do so."); see also id. at 7-8 (lecturing about "standard practice" for deposition noticing).) Even (or perhaps especially) when emotions run high in litigation, attorneys must behave civilly. See, e.g., United States v. Venable, 666 F.3d 893, 904 n.4 (4th Cir. 2012) (condemning directing of "sarcastic[]" remarks at opposing counsel as "disrespectful and uncivil"); Smith v. Bank of Stanly, No. 1:09CV951, 2011 WL 627625, at *31 n.53 (M.D.N.C. Feb. 11, 2011) (unpublished) (recommending entry of show cause order to address, inter alia, attorney's sarcasm toward opposing counsel during deposition), recommendation adopted, slip op. (M.D.N.C. Mar. 31, 2011); McBrayer, 1999 WL 33315673, at *1 ("If attorneys work together, critics of the legal profession who argue that civility is no longer present in civil law can be silenced.").

---

9(...continued)
particular date for a deposition. (Compare Docket Entry 17 at 1-2, with Docket Entry 17-1 at 2.) Inconsistencies of that sort tend to undermine one's credibility.

CONCLUSION

Defendants have shown good cause for the requested extension of time. In addition, the record reflects that, as to this and related matters, Plaintiff's counsel has fallen short of the standards set by the applicable rules.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Extension of Time (Docket Entry 16) is **GRANTED** and Defendants shall have until November 14, 2012, to answer Plaintiff's First Set of Interrogatories and Plaintiff's First Set of Requests for Production of Documents.

**IT IS FURTHER ORDERED** that Plaintiff and her counsel, including in particular Nicholas J. Sanservino, Jr., of The Noble Law Firm, PLLC, are **PLACED ON NOTICE** that any further failure to behave cooperatively and courteously in connection with discovery, any further violation of the spirit and purpose of the discovery rules, and any further submission of materials to the Court that have any improper purpose or that lack a proper legal or factual basis will result in action by the Court, including the consideration of any and all available sanctions.

**IT IS FURTHER ORDERED** that the Court reserves the right to consider all of the matters documented in this Order in assessing what, if any, action to take in the event cause again arises to

examine the conduct of Plaintiff and/or Plaintiff's counsel in this or any other case.

/s/ L. Patrick Auld<br>**L. Patrick Auld**<br>**United States Magistrate Judge**

October 18, 2012